# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY GARCIA,<br><br>         Plaintiff,<br><br>   v.<br><br>RON DAVIS,<br><br>         Defendant. | 1:14-cv-00195-AWI-BAM (PC)<br><br>FINDINGS AND RECOMMENDATIONS REGARDING DISMISSAL OF ACTION FOR FAILURE TO STATE A CLAIM<br><br>FOURTEEN-DAY DEADLINE |

**Findings and Recommendations**

**I.     Screening Requirement and Standard**

Plaintiff Anthony ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff initiated this action on October 25, 2013.  The matter was transferred to this Court on February 12, 2014.  Plaintiff's complaint, filed on November 29, 2013, is currently before the Court for screening.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. § 1915(e)(2)(B)(ii).

1

1    A complaint must contain "a short and plain statement of the claim showing that the
2 pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not
3 required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere
4 conclusory statements, do not suffice."  Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937,
5 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65
6 (2007)).  While a plaintiff's allegations are taken as true, courts "are not required to indulge
7 unwarranted inferences."  Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009)
8 (internal quotation marks and citation omitted).

9    Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings
10 liberally construed and to have any doubt resolved in their favor.  Hebbe v. Pliler, 627 F.3d 338,
11 342 (9th Cir. 2010) (citations omitted).  To survive screening, Plaintiff's claims must be facially
12 plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each
13 named defendant is liable for the misconduct alleged, Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949
14 (quotation marks omitted); Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir.
15 2009).  The sheer possibility that a defendant acted unlawfully is not sufficient, and mere
16 consistency with liability falls short of satisfying the plausibility standard.  Iqbal, 556 U.S. at
17 678, 129 S.Ct. at 1949 (quotation marks omitted); Moss, 572 F.3d at 969.

**II.    Plaintiff's Allegations**

Plaintiff is incarcerated at Valley State Prison, where the events in the complaint are alleged to have occurred.  Plaintiff names Warden Ron Davis as the sole defendant.

Plaintiff alleges that he had a friend named Javier Gomez, an inmate at Valley State Prison, who committed suicide on September 23, 2013.  Plaintiff had communication with Mr. Gomez for five years in prison.  Mr. Gomez was having a "deficient time" seeing a mental health physician. (ECF No. 6, p. 3.)  Plaintiff alleges that the deficiency was due to inadequate care violations and that he witnessed these prison conditions.  As relief, Plaintiff would like Valley State Prison to financially compensate Mr. Gomez's immediate family for the pain and suffering they endured.

///

**III.     Discussion**

Plaintiff is pursuing a claim for deliberate indifference to serious medical needs in violation of the Eighth Amendment on behalf of Mr. Gomez, a fellow prisoner who is now deceased.  However, Plaintiff may not sue on behalf of Mr. Gomez or for the benefit of Mr. Gomez's family.  A pro se prisoner "has no authority to represent anyone other than himself." Russell v. United States, 308 F.2d 78, 79 (9th Cir. 1962); Johns v. County of San Diego, 114 F.3d 874, 877 (9th Cir. 1997) (non-lawyer has no authority to appear as an attorney for others than himself).  Plaintiff also does not have standing to complain about a violation of the constitutional rights of others.  Powers v. Ohio, 499 U.S. 400, 410, 11 S.Ct. 1364, 1370 (1991).

The Court finds that Plaintiff has failed to state a claim that his own constitutional rights were violated.  Given the underlying allegations, this deficiency cannot be cured by amendment. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).

**IV.     Conclusion and Recommendations**

For the reasons stated, it is HEREBY RECOMMENDED that this action be DISMISSED for failure to state a claim upon which relief can be granted.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within fourteen (14) days after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal.  Wilkerson v. Wheeler, __ F.3d __, __, No. 11-17911, 2014 WL 6435497, at *3 (9th Cir. Nov. 18, 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **December 15, 2014**              /s/ *Barbara A. McAuliffe*
                                            UNITED STATES MAGISTRATE JUDGE